WHITE v. SCHWEITZER et al. (Supreme Court, Appellate Division, Second Department. January 17, 1913.) Appeal from Trial Term, Nassau County. Action by William E. White against Nathan Schweitzer and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial granted. See, also, 149 App. Div. 954, 133 N. Y. Supp. 1149. Hartwell Cabell, of New York City, for appel-

lant. Julian Arthur Leve, of New York City, for respondents.

JENKS, P. J. Two opinions were written on the former appeal, by Thomas. J., and by Burr, J., respectively. 147 App. Div. 544, 554, 132 N. Y. Supp. 644, 650. Thomas, J., confined discussion to the question of delivery. All concurred, save Hirschberg, J. Burr, J., thought that, aside from the question of delivery, there were two other questions in the case: First, whether there was any evidence of acceptance on the part of the defendants; and, second, whether the verdict was against the weight of evidence. After extended discussion, Burr, J., said that "upon this evidence the court should not have submitted to the jury the question of an acceptance implied from circumstances," and held that exceptions to the charge were well taken. As appears from the opinion of Burr, J., the court did not pass upon the weight of the evidence as to whether, under the contract, the turkeys were to be scalded or dry-picked. All concurred with Burr, J., save Hirschberg, J. Thus the case upon the first appeal presented the issue of fact whether the turkeys were to be scalded or dry-picked. The case now presented, not only contains the original evidence, but also additional evidence offered by the plaintiff to the effect that the turkeys called for by the contract were to be scalded. Without passing upon the probative force of the evidence of either party as to the kind of turkeys, we hold that this issue should have been submitted in the first instance to the triers of fact. Therefore the exception to the dismissal of the plaintiff was well taken, and there must be a new trial granted, costs to abide the event. All concur.

